UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL ACTION NO. 17-37-DLB**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**v.**                      **MEMORANDUM ORDER**

**JOHN E. SCHANK**                                                     **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant John E. Schank has filed a Motion seeking retroactive sentencing relief pursuant to the recent amendments to Chapter 4 of the sentencing guidelines. (Doc. # 139). The Government filed a Response (Doc. # 141), Defendant filed a Reply (Doc. # 144), and the Motion is now ripe for review. For the following reasons, Defendant's Motion is **denied**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In June 2019, Defendant, pursuant to a binding plea agreement (Doc. # 87), pled guilty to distributing child pornography in violation of 18 U.S.C. § 2252(a)(2). (*See* Doc. # 89). Defendant had a criminal history score of zero, resulting in a criminal history category of I, and an overall offense level of 35. (Doc. # 120 at 8). Defendant was sentenced to 151 months imprisonment, followed by 10 years supervised release. (Doc. # 89).

Defendant now alleges that he is eligible for sentencing relief under the so-called "zero-point offenders" amendment, U.S.S.G. § 4C1.1. (Doc. # 139 at 2-3). Defendant is 56 years old and is currently being housed in Fort Dix FCI in New Jersey. His anticipated

1

release date is September 8, 2028. *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed Jan. 23, 2025).

## II. ANALYSIS

The zero-point offenders guideline provides that defendants who have zero criminal history points and meet certain other criteria are eligible for an additional two-level reduction to their offense level. U.S.S.G. § 4C1.1. One such criterion is that the defendant's offense was "not a sex offense." *Id.* § (a)(5).

> Pursuant to 4C1.1:
>
> "Sex offense" means (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of title 18, not including a recordkeeping offense; (iii) chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subparagraphs (A)(i) through (iv) of this definition.

§ 4C1.1(b)(2)

In his Motion, Defendant argues that he is eligible for a two-point reduction, despite his conviction of distribution of child pornography, which falls under chapter 110 of title 18, because his offense was not "perpetrated against a minor" as required by § 4C1.1(b)(2). (Doc. # 139 at 3-4). The Court disagrees. In his plea agreement, the Defendant "admit[ted to] sharing files that depicted minors engaged in sexually explicit conduct over the internet via a peer-to-peer network, and that he knew the images depicted as much" (Doc. # 87 at 3). Simply put, distribution of child pornography is a sex offense.

The Court has found no authority from any federal court holding that an offense perpetrated under chapter 110 of title 18 is not a qualifying 'sex offense' under § 4C1.1.

2

In fact, "every court to have substantively addressed a Section 3582(c)(2) motion filed by a defendant convicted of a chapter 110 offense has concluded that the defendant was ineligible for relief under Amendment 821." *United States v. Bilal Khan*, No. 2:12-cr-02901, 2024 WL 3617545, at * 7 (D. N. M. Aug. 1, 2024)*; see also United States v. Gonzalez,* 445 F.3d 815, 819 (5th Cir. 2006) (rejecting the defendant's argument that consumption of child pornography is not an offense perpetrated against a minor); *United States v. Accardi*, 669 F.3d 340, 345 (D.C. Cir. 2012) (noting that "Congress, the Supreme Court, and every federal court to address this issue" disagree with the argument that possession and distribution of child pornography are not crimes perpetrated against a minor); *United States v. Catoe*, No. 2:20-cr-00031, 2024 WL 2122013, at *1 (E.D. Tn. May 10, 2024) (holding that distribution of child pornography under 18 U.S.C § 2252A(a)(2) is an offense against a minor under chapter 10 of title 18); *Khan*, 2024 WL 3617547, at * 9 ("Because 18 U.S.C. § 2251 and 2252 are part of chapter 110, Defendant's convictions under those statutes are qualifying "sex offenses" under U.S.S.G. § 4C1.1(a)(5) and (b)(2)"); *United States v. Kimler*, 335 F.3d 1132, 1147 (10th Cir. 2003) (finding that defendant's argument that his crime of receiving, possessing, and distributing child pornography was not perpetrated against a minor was "meritless"); *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) (discussing the impact and harm children suffer when they are "used in the creation of child pornography and when that pornography is distributed to others.").

While none of these cases are binding precedent, the Court agrees with the sentiment expressed in the above noted cases. Therefore, the Court rejects Defendant's argument that distribution of child pornography is not "perpetrated against a minor" as required by § 4C1.1(a)(5). Accordingly, Defendant is not eligible for relief pursuant to the zero-point offenders

3

amendment, and his Motion (Doc. # 139) is therefore **DENIED**.

This 23rd day of January, 2025.



Signed By:
*David L. Bunning*
United States District Judge

G:\Judge-DLB\DATA\ORDERS\Amendment 821 Orders\Orders denying or granting Amendment 821 relief\Schank 17-37 Denying DE 139.docx